IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RANNY L. JOHNSON,                    :

    Petitioner,                      :

vs.                                  :      CIVIL ACTION 07-00188-KD-B

JOHN CUMMINGS, *et al.*,             :

    Respondents.                     :

## ORDER

Ranny L. Johnson, a state inmate in the custody of Respondents, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondents have filed an answer in response to the petition (Doc. 9), along with supporting exhibits.  In their Answer, Respondents argue that Petitioner's habeas corpus petition should be dismissed, pursuant to 28 U.S.C. § 2244(d)(1), because it is barred by the one-year statute of limitations.

## FINDINGS OF FACT

Johnson plead guilty and was convicted of escape, burglary and grand larcency in cases CC-73-4073A, 4074A and 4075A on February 14, 1973. (Doc. 9, Exhibits A & B).  Johnson was sentenced to one year and one day, one year and one day, and two years in prison, respectively. (Doc. 9, Exhibit A).  On January 13, 1988, Johnson filed a petition for writ of error coram nobis attacking his convictions.  The trial court, on June 1, 1988, issued an order

denying Johnson's petition on the ground that Johnson had already competed his sentence. On January 27, 1989, the Alabama Court of Criminal Appeals affirmed the denial of Johnson's petition in an unpublished decision. Rehearing was denied by the Alabama Court of Criminal Appeals on March 11, 1989. (Doc. 9, Exhibits A & B).

On July 12, 2002, Johnson filed a Rule 32 petition attacking his convictions. Upon reconsideration, the trial court summarily denied Johnson's petition on August 12, 2002. (Doc. 9, Exhibit A). On November 15, 2002, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the denial of Johnson's Rule 32 petition on the ground that it was barred by the two-year statute of limitations in Rule 32.2(c), Ala. R. Crim. P.[1] Ranny Johnson v. State, CR. 01-2342 (Ala. Crim. App. Nov. 15, 2002) (Doc. 9, Exhibit A).

On April 12, 2006, Johnson filed his second Rule 32 petition attacking the same convictions. On May 9, 2006, the trial court issued an order denying Johnson's second Rule 32 petition on the ground that it was successive and, therefore, barred by the statute of limitations. On appeal, the Alabama Court of Criminal Appeals, on December 8, 2006, affirmed the denial of Johnson's second Rule

_____

[1]At the time, Rule 32 provided a two-year statute of limitations. The limitations period was later reduced to one year. See Commentary, Rule 32.2, Ala. R. Crim. P. (explaining that Rule 32.2, Ala. R. Crim. P., was amended, effective August 1, 2002, to change the time period in which a defendant could file a Rule 32 petition from two years to one year).

32 petition in a memorandum opinion.  The Appeals Court held that Johnson's petition was precluded under Rule 32.2(c), Ala. R. Crim P.  A Certificate of Final Judgment was issued on February 9, 2007. (Doc. 9, Exhibit C).  Johnson filed the instant habeas action on March 7, 2007[2]. (Doc. 1). In their response, Respondents aver that Johnson's petition is barred because it was not filed within the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996. (Doc. 9).

### CONCLUSIONS OF LAW

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review."  The Act provides that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court.  The limitations period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2]Under the prison mailbox rule, the Court will assume that Johnson actually delivered his petition to prison officials for mailing and filed his habeas petition on March 7, 2007, the date that it was signed and dated. Houston v. Lack, 487 U.S. 266, 271-272, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Washington v. United States, 243 F.3d 1299 (11th Cir. 2001).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

For prisoners convicted prior to the enactment of the AEDPA, the statute of limitations is considered to run from the Act's effective date of April 24, 1996. Drew v. Dep't of Corrections, 297 F.3d 1278, 1283 (11th Cir. 2003); Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1085, 120 S. Ct. 811, 145 L. Ed. 2d 683 (2000). In other words, AEDPA's one-year statute of limitation expires on April 23, 1997, for habeas petitions filed by those inmates convicted prior to AEDPA's enactment date.

In the instant action, Johnson did not directly appeal his conviction or sentence; hence, his conviction became final when the 42 day period to appeal provided for by Ala.R.App.P. 4(b)(1)

expired, that is, on April 2, 1973.[3]  Because Johnson's conviction

became final prior to enactment of the AEDPA, his petition for

habeas corpus relief should have been filed no later than April 23,

1997.  As noted, Johnson's habeas corpus petition was not filed in

this Court until March 7, 2007, more than ten (10) years after the

statutory deadline had expired.    Thus, unless Johnson can

demonstrate that the tolling provisions of the AEDPA were triggered,

his habeas petition is untimely.

> The Eleventh Circuit has stated that:

> > Section 2244 is a statute of limitations, not a
> > jurisdictional bar.  Therefore, it permits equitable
> > tolling "when a movant untimely files because of
> > extraordinary circumstances that are both beyond his
> > control and unavoidable even with diligence." Sandvik v.
> > United States, 177 F.3d 1269[, 1271 (11ᵗʰ Cir. 1999)].
> > Equitable tolling is an extraordinary remedy which is
> > typically applied sparingly.  See Irwin v. Dept. Of
> > Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112
> > L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11ᵗʰ Cir. 2000).  See also

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616,

618-19 (3ʳᵈ Cir. 1998)("equitable tolling is proper only when the

'principles of equity would make [the] rigid application [of a

limitation period] unfair.'... [g]enerally, this will occur when

the petitioner has 'in some extraordinary way...been prevented from

---

[3]"In a criminal case, [Alabama law provides that] a notice
of appeal by the defendant shall be filed with the clerk of the
trial court within 42 days (6 weeks) after pronouncement of the
sentence, provided that the notice of appeal may be oral, as
provided in Rule 3(a)(2)." Ala.R.App.P. 4(b)(1).

asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dept. of Corrections, 259 F.3d 1310, 1314 (11th Cir.), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

Therefore, upon consideration of the foregoing, Petitioner is **ORDERED** to respond on or before **May 26, 2009** to Respondent's answer and to show cause, (i.e., extraordinary circumstances), why this case should not be dismissed for failure to comply with the statute of limitations requirement as set forth in 28 U.S.C. § 2244(d)(1).

Also pending before the Court is Petitioner's motion (Doc. 11) requesting that Respondents serve Johnson with a copy of the exhibits referenced in Respondents' Answer (Doc. 9). Petitioner's motion is denied; however, the Clerk is directed to forward to Petitioner a copy of the referenced exhibits. Additionally, Petitioner's motion for hearing (Doc. 12) is before the Court. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case.

6

<u>Kelley v. Secretary for Dep't of Corrections</u>, 377 F.3d 1317 (11th

Cir. 2004). Thus, Petitioner's motion is denied.

**DONE** this the **21st day of April, 2009**.


                                    **/S/ SONJA F. BIVINS**
                         **UNITED STATES MAGISTRATE JUDGE**