IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RANNY L. JOHNSON,  *
                   *
    Petitioner,    *
                   *
vs.                *  CIVIL ACTION 07-00188-KD-B
                   *
JOHN CUMMINGS, *et al.*,  *
                   *
    Respondents.   *

**REPORT AND RECOMMENDATION**

Ranny L. Johnson, an inmate housed at Bullock Correctional Facility, filed the instant petition seeking habeas corpus relief under 28 U.S.C. § 2254. (Doc. 4). In his petition, Johnson challenges the constitutionality of his convictions, pursuant to a guilty plea, for escape, burglary, and grand larceny in the Circuit Court of Clarke County, Alabama.[1] (Id. at 2). Respondents filed an Answer, on May 15, 2007, alleging that Johnson's petition was due to be dismissed because it is barred by the one-year statute of limitations. (Doc. 9). Accordingly, in an Order dated April 22, 2009 (Doc. 13), this Court directed Johnson to show cause why his petition should not be dismissed for failure to comply with the one-year statute of limitations. In response, Johnson does not dispute that the instant habeas petition is untimely. Instead, in his response, Petitioner concedes that "his petition for federal habeas

---

[1]Clarke County is located within the Southern District.

review is procedurally infirm. In the same, petitioner does not have a legal base by which to justify cause to excuse his untimely petition." (Doc. 14, p. 4). Johnson also asserts, for the first time, that he is actually seeking habeas review of a conviction for attempted rape in Houston County, Alabama (CC-84-612), for which he received a sentence of life imprisonment as a habitual felony offender. According to Johnson, the sentence for his attempted rape conviction was improperly enhanced based on the escape, burglary, and grand larceny convictions referenced in his petition. (Doc. 14). Johnson asserts that this Court should excuse his untimeliness and entertain his petition; otherwise, a "miscarriage of justice" would result. (Docs. 4, p. 12; 14, p. 5).

On September 21, 2009, Johnson filed a Motion to Amend (Doc. 16) and a "Notice of Voluntary Waiver of Claims" (Doc. 17), wherein he states that he seeks to pursue relief only for the conviction alleged in his response to the Court's show cause order, namely the attempted rape conviction, and that he "waive[s] judicial review of all claims previously presented in [his] original petition to this Court." (Docs. 16, 17). Johnson also filed an amended petition seeking relief under § 2241. (Doc. 18). As best the undersigned can discern, Johnson seeks to voluntarily dismiss his claims based on his escape, burglary, and grand larceny convictions, and instead attack the life sentence he received for attempted rape. Additionally, on October 29, 2009, Johnson filed a Motion to

Transfer (Doc. 20), wherein he argues that this Court lacks jurisdiction to entertain his petition, as amended, and that the petition, as amended, should be transferred to the Middle District of Alabama, because the Circuit Court of Houston County, which rendered the sentence for the attempted rape conviction, is located in the Middle District. For the reasons set forth below, the Court recommends that Johnson's request to dismiss his claims based on his escape, burglary, and grand larceny convictions be GRANTED, and that his Motion to Amend and his Motion to Transfer be DENIED.

As noted supra, Johnson's original petition attacked the sentences rendered by the Circuit Court of Clarke County, Alabama in connection with Johnson's escape, burglary, and grand larceny convictions. After Respondent challenged the timeliness of Johnson's petition, he filed a motion to voluntarily dismiss his claims based on these earlier convictions, and sought permission to amend his petition to attack an altogether different sentence rendered by the Circuit Court of Houston County, Alabama in connection with his attempted rape conviction. Generally, permission to amend is to be liberally granted; however, Rule 2(e) of the Rules Governing Section 2254 cases prohibits an inmate from filing a habeas petition challenging judgments "of more than one state court." See Habeas Rule 2(e). In other words, a petitioner seeking to challenge judgments issued by different state courts is required to file a separate petition covering the judgment or

3

judgments of each court. Because Johnson filed this action challenging a judgment rendered by the Circuit Court of Clarke County, Alabama, he is required to file a separate action if he now desires to challenge a different judgment issued by a different court, namely the Circuit Court of Houston County. See generally Long v. Warden, Warren Corr. Institution, 2009 U.S. Dist. LEXIS 89485, 2009 WL 3169964 (S.D. Ohio Sept. 28, 2009) ("different challenge should be raised in a separate petition, since Habeas Rule 2 provides that a petitioner who seeks relief from different judgments must file a separate petition covering each separate judgment. See Habeas Rule 2(e); accord George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees ..."); See also Mansanares v. Arpaio, 2009 U.S. Dist. LEXIS 123398 (D. Ariz. Dec. 16, 2009); Goodson v. Boyd, 2008 U.S. Dist. LEXIS 80963 (M.D. Ala. Oct. 1, 2008). Accordingly, the undersigned recommends that Plaintiff's Motion to Voluntarily Dismiss the claims in his original petition be granted as they are time-barred[2], and that his

---

[2]In the instant action, Johnson did not directly appeal the convictions or sentences rendered by the Circuit Court of Clarke County; hence, those convictions became final when the 42 day period to appeal provided for by Ala.R.App.P. 4(b)(1) expired, that is, on March 28, 1973. Because Johnson's conviction became final prior to enactment of the AEDPA, his petition for habeas corpus relief should have been filed no later than April 23,

Motion to Amend and his Motion to Transfer be DENIED pursuant to Habeas Rule 2(e). To the extent Johnson seeks to challenge the judgment rendered by the Circuit Court of Houston County, he should file a new federal habeas petition with the District Court for the Middle of Alabama, which is where he is presently incarcerated and where his attempted rape conviction and sentence arose.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.[3]

---

1997. As noted, Johnson's instant habeas corpus petition was not filed in this Court until March 7, 2007, almost ten (10) years after the statutory deadline had expired. Moreover, although Johnson filed Rule 32 petitions, they did not toll the limitations period because neither was properly filed, nor were they pending during the running of the one year limitation period. Therefore, statutory tolling of the habeas limitations period under § 2244(d)(2) is inapplicable to this case, and Johnson's federal habeas petition was untimely filed. Johnson has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely federal petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. Further, Johnson has also failed to allege, let alone offer, any evidence that suggests that he is actually innocent of the offenses for which he was convicted. Consequently, Johnson is not entitled to the equitable tolling of the AEDPA's statutory limitations period for habeas petitions based on a "miscarriage of justice" or any other reason.

[3]In light of the instant Report and Recommendation, Johnson's "Request for Answer from Respondents to Procedural Default and Amended Claims" (Doc. 19) and Petition for Writ of Mandamus (Doc. 21) are MOOT.

**DONE** this **26th** day of **February, 2010.**

                                      **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.  *Objection*.  Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this

---

[4]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.